IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DUSTIN S. KOLODZIEJ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| JAMES CHENEY MASON AND § | Civil Action No. 4:09-cv-1889 |
| J. CHENEY MASON, P.A., § | |
| § | |
| Defendants. § | |
| § | |
| § | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants James Cheney Mason and J. Cheney Mason, P.A. reply to Plaintiff's Response to Defendants' Motions to Dismiss and Motion to Transfer Venue ("Plaintiff's Response") as follows:

**INTRODUCTION**

"If a witness has told the truth, but not the whole truth, his evidence is not true."[1] And so it is with the Plaintiff's Response. The Plaintiff spins an entertaining tale – written apparently not only for this Court, but for the Internet bloggers and media court observers in whose limelight the Plaintiff basks.[2] However, it is a tale that Plaintiff's counsel knows is founded upon an incomplete, and therefore false, recitation of the facts.

In describing the "challenge" upon which he allegedly relied in accepting a unilateral contract, the Plaintiff willfully neglects to tell the Court that he is relying upon an out-of-context, NBC-edited *excerpt* of an interview that Defendants gave to NBC News. Defendants' counsel

---

[1] *Finn v. Com.*, 26 Va. 701, 1827 WL 1081, *4 (Va.Gen.Ct. 1827).
[2] *See* Declaration of David George, Dkt. # 10-7, pp. 2-3, Exh. 2 to Plaintiff's Response.

provided Plaintiff's counsel with the unedited transcript of the interview on July 17, 2009 – ten days before the Plaintiff's Response was filed.[3] The unedited transcript[4] provides the full context for the broadcast excerpts and proves (1) that the challenge was made in jest to emphasize an argument,[5] and (2) even assuming *arguendo* that the challenge was serious, it was specifically issued to the State of Florida's prosecution team in the underlying criminal case:

> … And from there to be on the videotape in 28 minutes. Not possible. Not possible. I challenge anybody to show me, and guess what? Did **they** bring in any evidence to say that somebody made that route, did so? **State**'s burden of proof. If **they** can do it, I'll challenge '**em**. I'll pay **them** a million dollars if they can do it.

NBC Transcript, p. 3 (emphases added).[6]

## I.     This Court Lacks Personal Jurisdiction Over the Defendant

The Plaintiff's personal jurisdiction claim is founded upon a purported unilateral contract between himself and the Defendants – and *nothing* more. The Plaintiff's Response completely ignores the well-settled rule in the Fifth Circuit that "entering into a contract with an out-of-state

---

[3] *See* Declaration of Brian Wunder, attached as Exhibit A.
[4] The unedited NBC Transcript is attached to this Reply, along with a Certification of Authenticity provided by NBC, as Exhibit B.
[5] *See* "(CHUCKLES)" reference, NBC Transcript, p. 4.
[6] Nor is this the only indication that this case is meritless and that plaintiff and his counsel are not pursuing this case in good faith. According to the "proof" that plaintiff has submitted, he claims to have met the "challenge" because he was able to get from the door of the plane to the hotel in 19 minutes. As shown in the NBC transcript, however, defendants' argument was that one could not get from *landing* in Atlanta to the hotel in question in 28 minutes. NBC Transcript ("And, of course, just as importantly is-- is the business of getting back to Atlanta, and getting from-- landing in Atlanta and getting to the-- to the hotel in 28 minutes.") Plaintiff thus conveniently ignores the time needed to get from landing to arrival at the gate, as well as the time needed to exit the plane (which as the Court is no doubt aware, can also take a considerable amount of time). According to the official FAA records for plaintiff's flight:
   http://www.bts.gov/xml/ontimesummarystatistics/src/dstat/OntimeSummaryArrivalsData.xml
(Delta Flight 618 to Atlanta Hartsfield Airport on December 7, 2007), the time between "wheels on" (*i.e.*, landing) and "actual arrival" at the gate for that flight was 10 minutes. Thus, even ignoring the additional time between arrival at the gate and plaintiff stepping off the plane, plaintiff could not possibly have gone from landing to the hotel in 28 minutes.

party, without more, is not sufficient to establish minimum contacts." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

The Plaintiff's jurisdiction evidence, *i.e.*, the Declaration of Dustin Kolodziej, shows only his own unilateral activity in Texas, which cannot form the basis of specific jurisdiction over the Defendant. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Plaintiff's sole legal authority for his specific jurisdiction claim is *Guidry v. United States Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999) – a case sounding in **tort** and therefore inapplicable here.[7] Even if the Plaintiff had asserted a tort claim based upon the "challenge," specific jurisdiction would still be lacking because the Defendants did not create the edited challenge upon which the Plaintiff allegedly relied, and did not participate in the decision to broadcast that edited challenge into Texas. *See* Declaration of James Cheney Mason.

## II.   Venue is Not Proper in this District

Plaintiff's argument that "'a substantial part of the events … giving rise to the claim occurred' in this district" is belied by his own evidence. Plaintiff's counsel argues that "Kolodziej performed the contract in Houston, as well as in Georgia and Florida," "his performance began when he expended time and money to complete the challenge," and "it was in Houston that Kolodziej partially performed the contract …" Plaintiff's Response, Dkt. #10, p. 13-14. However, the Plaintiff's Declaration tells a story that is distinctly different in its legal import:

> 6.   After I heard Mason's challenge, I took steps *to prepare* to accept it. I spent many hours *preparing* to comply with the terms of Mason's challenge. I

---

[7] "The trade associations are not charged with mere untargeted negligence endangering only economic or reputational interests. Rather, their alleged intentional and negligent tortious actions were knowingly initiated and aimed at users and potential consumer of tobacco products in Louisiana." 188 F.3d at 630.

> spent $596.10 buying plane tickets *to comply* with the challenge. I spent that time and money in Houston, Texas. At least three of my friends – Latina Robertson, Felipe Arboleda, and Dominique Dominguez – were aware that I was attempting to accept Mason's challenge. They observed many of the steps that I took *preparing* to accept Mason's challenge. They all live in Harris County, Texas.

Declaration of Dustin Kolodziej, Dkt. #10-2, p. 2.

"Preparation for performance," *a fortiori*, is not "performance," and does not constitute acceptance of an offer for a unilateral contract. *See* Restatement (Second) of Contracts § 45, comment f ("… Beginning preparations, though they may be essential to carrying out the contract or to accepting the offer, is not enough. …").[8] Other jurisdictions applying § 45 have written instructively:

> Acceptance of an offer to enter into a unilateral contract can be effected only by performance of the condition prescribed and within the time fixed. This means substantial performance and not merely steps taken preparatory to performance. Acts preparatory to performance tender neither consideration nor acceptance, no matter how extensive the preparation or how large the expense involved may be. Nothing less than performance will tender acceptance, …

*Bretz v. Union Central Life Ins. Co.*, 16 N.E.2d 272, 274 (Ohio 1938) (applying § 45 of the Restatement [First]); *see also Ragosta v. Wilder*, 592 A.2d 367, 370 (Vt. 1991) (preparation for performance is not acceptance of offer for unilateral contract); *Knight v. Seattle First Nat'l Bank*, 589 P.2d 1279, 1282 (Wash. App. 1979) ("preparations to undertake the invited performance [do] not constitute part performance").

Assuming *arguendo* that the "challenge" was serious, it called for performance that could only have occurred in Florida and Georgia. No part – much less any "substantial part" – of the events giving rise to the claim occurred in Houston and venue is not proper in this District.

---

[8] Texas generally follows the Restatement (Second) of Contracts. *American Heritage, Inc. v. Nevada Gold & Casino, Inc.*, 259 S.W.3d 816, 821 n.2 (Tex. App. – Houston [1st Dist.] 2008, no pet.).

### III.   28 U.S.C. § 1404(a) Compels the Transfer of this Case to Florida

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)" and "[i]t is the convenience of non-party witnesses … that is the more important factor and is accorded greater weight. *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D. Tex. 1994).

In deciding a § 1404(a) motion, the court "declines to base venue on which party can produce the greater number of "warm bodies" on the witness stand from a given location. … Instead, the court is more interested in the substance of a potential witness' testimony, its materiality to the issue at hand, and the ease of access to such key testimony." *Polywell Int'l Inc. v. Hauppauge Computer Works, Inc.*, 2002 WL 1477435, *3 (N.D. Tex. July 9, 2002).

Only Defendants have identified *material* non-party witnesses, Dennis Murphy and Robert Norgard, both of Florida, and Bob Gilmartin of New York.  Murphy, Norgard and Gilmartin were present at the "challenge" interview and are witnesses to the words spoken by James Cheney Mason in their unedited form and the overall context in which the words were spoken.  *See* Declaration of James Cheney Mason, Dkt. #8-2.  In stark contrast, the Plaintiff identifies three Harris County, Texas residents who "observed many of the steps that I took preparing to accept Mason's challenge."  *See* Declaration of Dustin Kolodziej, Dkt. #10-2.  Even if the mere observation of steps taken *in preparation for* performance were determined to be relevant, these witnesses' testimony must necessarily be cumulative of the testimony of the Plaintiff.  Cumulative evidence is not material evidence.  *Burbank-Emvula v. Apfel*, 190 F.3d 537 (5th Cir. 1999).  Thus, the most important private interest factor weighs heavily in favor of transfer to Florida.

As for the public interest factor of administrative difficulties flowing from court congestion, the Plaintiff exaggerates the differences between the Middle District of Florida and the Southern District of Texas. The two districts show virtually identical "Filing to Trial" numbers for 2006, 2007 and 2008: 19.2, 19.0 and 19.4 months in the Middle District of Florida; and 18.8, 20.3 and 18.8 months in the Southern District of Texas. *See* Exhibit 3 to Plaintiff's Response, Dkt. #10-8. Further, the overall numbers for the Middle District of Florida for 2007 and 2008 were skewed because of vacancies on that bench, one of which has now been filled (*see* http://www.usdoj.gov/archive/olp/nominations.htm), and the other has a nominee pending under a "judicial emergency" tag (*see* http://www.usdoj.gov/olp/nominations111.htm). Taking the filled and to-be-filled vacancies into consideration, there is no material difference between the two districts in docket condition.

The remaining public interest factors weigh heavily in favor of this case being transferred to the Middle District of Florida, where there is logically far more local interest in the consequences of a television interview of a resident of that district, which interview occurred in that district, and where the courts routinely deal with the questions of Florida law that will apply in this dispute.[9]

---

[9] Plaintiff's assertion that, following a § 1404(a) transfer, the Florida court will be required to apply Texas' choice-of-law analysis, is correct. However, his conclusion – that this weighs against transfer – is wrong. Absent a choice-of-law provision in a contract – and there is none here – Texas courts use the "most significant relationship" test set forth in the Restatement (Second) of Conflict of Laws. *Mayo v. Hartford Life Insurance Co.*, 354 F.3d 400, 403 (5th Cir. 2004). It is obvious that the state with the *most* significant relationship to this contract dispute is Florida, and therefore substantive Florida law will govern. As the judges in the Middle District of Florida will be more familiar with the substantive law of that state, this factor weighs in favor of transfer.

**CONCLUSION**

For the reasons set forth above and in their motion to dismiss, the Defendants request that the Court dismiss this action for lack of personal jurisdiction, improper venue and insufficient service, or alternatively under 28 U.S.C. § 1404(a), transfer this case to the United States District Court for the Middle District of Florida.

Dated:  August 3, 2009                    Respectfully submitted,

                                          /s/Louis K. Bonham
                                          Louis K. Bonham
Of Counsel:                               Attorney-in-Charge
                                          Texas Bar No. 02597700
**OSHA LIANG LLP**                        Federal ID No:  8300
Brian Wunder                              OSHA LIANG LLP
Texas Bar No. 22086700                    Two Houston Center, Suite 3500
Federal ID No.:  6252                     909 Fannin Street
Two Houston Center, Suite 3500            Houston, TX  77010
909 Fannin Street                         Phone: (713) 228-8600
Houston, TX  77010                        Fax: (713) 228-8778
Phone: (713) 228-8600
Fax: (713) 228-8778                       COUNSEL FOR DEFENDANTS
                                          JAMES CHENEY MASON AND
                                          J. CHENEY MASON, P.A.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2009, the foregoing document was served on counsel for the Plaintiff by ECF or regular United States mail, postage prepaid, as follows:

> David George
> Connelly Baker Wotring LLP
> 700 JPMorgan Chase Tower
> 600 Travis Street
> Houston, Texas  77002

                                          /s/ Louis K. Bonham
                                          Louis K. Bonham